IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:09-CR-249-D(02) |
| | § | |
| MICHAEL BLAINE FAULKNER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Michael Blaine Faulkner ("Faulkner") moves for a continuance of the October 11, 2011 trial setting. For the reasons that follow, the court denies the motion.

I

The court has previously declared this case to be complex and has found that it is so unusual or complex due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. *See* May 12, 2011 Order 2; Dec. 28, 2010 Order 1; Feb. 1, 2010 Order 1; Aug. 26, 2010 Order 1; *United States v. Haney*, 2009 WL 3363821, at *2 (N.D. Tex. Oct. 19, 2009) (Fitzwater, C.J.). The original indictment was returned on September 1, 2009, more than two years ago. But due to the complexity of the case, the court has continued the trial five times. Faulkner is moving for a sixth trial continuance. Although several codefendants do not oppose the motion, defendants Matthew Norman Simpson ("Simpson") and Valerian James Stock ("Stock") do oppose a continuance

of the trial date, as does the government.

Faulkner requests that the court set the trial for a date no earlier than the middle of January 2012. He maintains that a continuance is warranted because (1) he is charged in six counts and a forfeiture count in the fourth superseding indictment ("indictment"); (2) the indictment alleges events spanning at least seven years; (3) the indictment alleges events covering a wide geographical reach; (4) the indictment alleges that more than 30 entities were victimized by the defendants; (5) the United States sentencing guidelines have been amended since 2003, when the earliest alleged overt act took place; (6) there is more than a significant amount of electronically stored information ("ESI") in this case; (7) he and his counsel were first able to reasonably communicate regarding the ESI on or about August 18, 2011; and (8) there is insufficient time for his attorney to effectively represent him if the trial commences as scheduled on October 11, 2011.

Faulkner contends that he was first able to begin preparing for trial on June 8, 2011, when the government furnished him a banker's box containing documents (approximately 3,500 pages) that the government contends support the overt acts alleged in count one of the indictment. Faulkner posits that he was first provided decent access to 38 gigabytes of ESI in August 2011, and that, given the quantity of ESI, it is unlikely or impossible for him to review all of the relevant data and effectively communicate with his attorney before the current trial setting.

Faulkner also argues that his attorney cannot use all of the time before the current trial setting because of other trial conflicts, religious holidays, and other commitments, which

total nine days in all. He maintains that, with or without these conflicts, he cannot review all of the pertinent ESI and discuss it with his attorney before the current trial setting.*

Faulkner argues that he is entitled to the *effective* assistance of counsel, and not merely to the assistance of counsel. He maintains that it is "almost axiomatic" that a defendant is entitled to have his attorney hear what the defendant has to say about the accusations against him. Faulkner posits that this case is remarkably complex and voluminous due to the time span covered by the indictment, the number of overt acts alleged, the number of entities, the number of defendants, and the quantity of ESI. Based on these factors, Faulkner argues that there will be insufficient time for the effective dissemination of information between himself and his attorney.

Finally, Faulkner argues that the prejudice he will suffer by the denial of a continuance is greater than the prejudice that any other defendant will suffer by the court's granting a continuance.

The government responds that the ESI has been available for Faulkner to view and use

---

*During a May 9, 2011 hearing, and in the court's May 12, 2011 order, it made clear to defense counsel that no conflicts with other trials or with counsels' personal schedules would be cause for another continuance of the trial. Given the complexities involved in scheduling the trial of a case involving so many parties and attorneys, the court emphasized that the case and trial setting should be top priorities for defense counsel. The court admonished counsel similarly in its December 28, 2010 order continuing the trial to May 16, 2011. *See* Dec. 28, 2010 Order 9 (cautioning counsel concerning their availability for trial and the pretrial conference given the number of defendants and the estimated length of the trial, and stating that "[c]oordinating the trial of so many defendants and of such length, in a case that the court has deemed complex, is difficult. No defendant will be permitted to cause a continuance of the trial, or to indirectly obtain a severance, due to the unavailability of the defendant's counsel for the pretrial conference . . . or for the trial[.]").

since January 2010. It maintains that it has provided hard copies of some of the relevant evidence; it has invited Faulkner to view the ESI in the Federal Bureau of Investigation's ("FBI's") forensic lab; it has invited Faulkner to visit the United States Attorney's Office ("USAO") to view the ESI; and it has offered to transport Faulkner from the detention center to the USAO to view the ESI with his attorney. The government represents that, at Faulkner's initial appearance on January 19, 2010, it provided him a disk that contained all of the documents that the FBI seized in its searches of his residence and business and Simpson's residence, and of the documents provided by banks, victims, and witnesses. The government maintains that some items referenced in the original and superseding indictments are publicly available online. It also lists in detail the dates and contents of the documents and discovery provided to Faulkner and the communications between the government and Faulkner regarding discovery. The government posits that it has provided Faulkner with discovery from February 1, 2010 through September 2, 2011.

The court notes that Faulkner's counsel was appointed on January 19, 2010; that the court entered in June 2010, and the Fifth Circuit approved in July 2010, a budget to enable defense counsel to effectively represent defendants by providing services warranted by the scale of this case; that the court approved in December 2010, and the Fifth Circuit approved on February 1, 2011, funding for computer forensic expert processing of the ESI to enable defense counsel to more easily review and analyze the ESI; that the court has granted several continuances (five in all) when convinced that defendants needed more time to review discovery and prepare for trial; and that the last trial continuance, granted on May 12, 2011,

was for a period of six months; and the court convened an interim status conference on July 22, 2011 to ensure that there were no material developments that would further delay the trial without the opportunity for the court to address them. Additionally, the government has begun disclosing trial exhibits and has undertaken other disclosure activities described below. And it bears emphasizing that, in a criminal case, a defendant is obligated to conduct his own investigation to the extent that the government is not required to disclose materials to him under the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or a federal rule of criminal procedure. *See Degen v. United States*, 517 U.S. 820, 825 (1996) ("A criminal defendant is entitled to rather limited discovery[.]"); *Wooten v. Thaler*, 598 F.3d 215, 219 (5th Cir. 2010) (noting that there is no general constitutional right to discovery in a criminal case, and that the prosecution is not constitutionally required "to hand over its case on a silver platter."); *United States v. Fischel*, 686 F.2d 1082, 1090-91 (5th Cir. 1982) (noting that "[d]iscovery in criminal cases is narrowly limited" and is provided for under the Federal Rules of Criminal Procedure, *Brady*, and *Roviaro v. United States*, 353 U.S. 53 (1957) (discovery related to confidential informants)).

II

"The grant or denial of a continuance is within the sound discretion of the trial court, and will be disturbed on appeal only for abuse of discretion." *United States v. Kelly*, 973 F.2d 1145, 1147-48 (5th Cir. 1992) (citation omitted). To establish an abuse of discretion, a defendant must show that he suffered serious prejudice by the denial. *Id.* at 1148.

"Relevant circumstances may include the amount of time available, the defendant's role in shortening the time needed, the likelihood of prejudice from a denial, and the availability of discovery from the prosecution." *Id.* (internal quotation marks and citation omitted).

The court in its discretion declines to grant a sixth trial continuance because it is not persuaded that another continuance outweighs the best interest of the public and the defendants in a speedy trial.

First, over two years have elapsed since the grand jury returned the original indictment on September 1, 2009. Simpson was ordered detained on September 9, 2009, and has been since detained pending trial. Stock was arrested on January 1, 2011, and has since been detained. Faulkner argues that he is charged in multiple counts; that the indictment alleges acts spanning seven years and a broad geographical reach; and that the indictment identifies over 30 victims of the alleged conspiracy. But he has not demonstrated why these factors warrant a continuance. The court has carefully analyzed and weighed the complexity of the case and the volume of discovery in granting the five previous continuances. In fact, when the court last continued the case, it did so for a period of almost six months in order to avoid a need for further delays in trying the case. During that time, Faulkner's counsel has had a reasonable opportunity to conduct his own investigation and to prepare for trial, and the government has begun providing trial exhibits on an early-disclosure basis. These factors weigh against granting a continuance, and Faulkner has not persuaded the court that the factors on which he relies justify granting his motion.

The court acknowledges that the disclosed digital data in this case are voluminous,

and that there have been technical difficulties and challenges to defendants' access to the processed data in a searchable format. But defense attorneys have in fact had access to the disclosed digital data since on or about the dates they were appointed or retained, have received some documents on compact discs from the government, and have had full, searchable access to the processed data since May 2011. Moreover, the government has provided defendants with documents supporting the overt acts alleged in the indictment, exhibits the government plans to use at trial, and scanned evidence to assist the defense attorneys in their preparation for trial, some of which the government was not necessarily obligated to provide. The government has provided defendants with searchable copies of some documents and has offered to meet individually with defense attorneys to view the ESI and to recommend where defense counsel should focus their review efforts. Defense attorneys have also been provided copies of the electronic storage devices and instructed how to use free software to view the digital data. The government has also provided to defendants, on their request, a banker's box with documents supporting the overt acts alleged in count one of the indictment. The government represents that, to assist defense attorneys in meaningful review of the documents, it has also provided, where possible, the file path for the documents in the banker's box identifying where each document originated. The government has also provided defendants, well in advance of trial, and as they are prepared, marked exhibits that the government intends to offer in evidence. These factors weigh against granting Faulkner's motion. The court finds and concludes that Faulkner has not established good cause for a sixth trial continuance.

Second, the court held a status conference on July 22, 2011 to hear from defense attorneys and the government regarding their progress in preparing for trial beginning on October 11, 2011. The conference provided defense counsel an opportunity to raise any issues that they anticipated would interfere with preparing for and commencing trial as scheduled. Although several attorneys—including Faulkner's—expressed general concerns about whether they would have sufficient time to prepare or might encounter unforeseen difficulties, no attorney provided a concrete, specific reason why the attorney could not be ready for trial at its present setting. Despite the volume of ESI involved in this case, Faulkner has not demonstrated that he will suffer specific prejudice if the court does not delay the trial again.

Third, two defendants, Simpson and Stock, and the government oppose a continuance. In particular, when the trial begins on October 11, 2011, Simpson will have been detained awaiting trial for over two years. Stock will have been detained for over ten months. Faulkner and defendant Chastity Lynn Faulkner will have been detained for nearly two years. This factor weighs against granting another continuance.

Fourth, Faulkner posits that he was first provided decent access to the 38 gigabytes of ESI in August 2011, and that, given the quantity of ESI, it is unlikely or impossible for him to review all of the relevant data and effectively communicate with his attorney before the current trial setting. He maintains that he was first able to reasonably communicate with his attorney regarding the ESI in August 2011. Although he cites no authority, Faulkner avers that it is "almost axiomatic" that a defendant is entitled to have his attorney hear what

the defendant has to say about the accusations against the defendant.  Faulkner thus argues that the trial must be continued to allow him to review all of the data himself and discuss this evidence with his attorney.  The court disagrees.

Faulkner cites no authority for his argument that, to be ensured effective assistance of counsel, a defendant must be able to *personally* review all of the relevant discovery before trial.  The court issued a June 20, 2011 order that enabled Faulkner to personally review the disclosed digital data using his own computer, while being detained.  The court did so for the purposes of expediting and assisting Faulkner's attorney in his preparation for trial, given the volume of ESI.  But Faulkner's personal review of the disclosed digital data prior to trial is *not* constitutionally required or otherwise legally mandated where, as here, Faulkner is represented by counsel who has had the ability to review the discovery before trial.  And Faulkner has not demonstrated that his attorney has not had sufficient time to review the disclosed digital data, or that he has been unable in some specific way to assist his attorney in preparing his defense.  Rather, Faulkner contends generally that he will be unable to assist his attorney in preparing his defense because he has not had sufficient time to personally review all the data before trial.  The court finds that Faulkner has not shown a likelihood of serious prejudice from the court's denial of a continuance, and this factor weighs against granting a continuance.  The court concludes that Faulkner's general concerns do not justify granting his motion.

* * *

In sum, the court finds and concludes that, despite the complexity of this case, Faulkner's counsel has had sufficient time to prepare for the October 11, 2011 trial during the period of nearly 21 months (as of October 11, 2011) since he was appointed, the period of several months since defendants have had the ability to review and analyze ESI, and the period of approximately six months since the court last continued the trial of this case. Moreover, the government has undertaken steps to provide defendants focused, early disclosure of the evidence on which it intends to rely at trial. And Faulkner has failed to demonstrate specific prejudice from the denial of a sixth trial continuance. Therefore, for all the reasons set out above, the court denies Faulkner's August 29, 2011 motion for continuance.

**SO ORDERED**.

September 8, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE