IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| § | Criminal No. 3:09-CR-249-D(06) |
| VS. § | |
| § | |
| MATTHEW NORMAN SIMPSON, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Matthew Norman Simpson's ("Simpson's") October 28, 2011 motion for leave to file motion to dismiss count one and objection to evidence offered in support of invalid theory of prosecution is granted because it is based on the government's trial presentation. Having considered the motion to dismiss on the merits, the court denies the motion. If Simpson makes objections to evidence offered during the trial, the court will consider and rule on the objections in the context of the trial itself.

The court denies the motion to dismiss for at least the following reasons:

First, even if Simpson is correct that the government is relying on a "theory of culpability" that is not alleged in the fourth superseding indictment ("indictment"), he has not established that *dismissal* of Count One of the indictment is the proper remedy.

Second, Simpson's contention that the government is violating *Cleveland v. United States*, 531 U.S. 12 (2000), is misplaced. In *Cleveland* the Court addressed the question "whether the federal mail fraud statute, 18 U.S.C. § 1341, reaches false statements made in an application for a state license." *Id.* at 15. The defendants were prosecuted under § 1341 "for making false statements

in applying to the Louisiana State Police for permission to operate video poker machines." *Id.* The Court held "that permits or licenses of this order do not qualify as 'property' within § 1341's compass" because "for purposes of the mail fraud statute, the thing obtained must be property in the hands of the victim." *Id.*; *see also id.* at 26 ("[Section] 1341 requires the object of the fraud to be 'property' in the victim's hands."). Accordingly, "§ 1341 does not reach fraud in obtaining a state or municipal license of the kind here involved, for such a license is not 'property' in the government regulator's hands." *Id.* at 20. But as Simpson appears to recognize, *see* D. Mot. Dis. 4, the indictment does not charge as part of the scheme and artifice to defraud that defendants committed fraud in applications to public utility commissions to obtain permits, licenses, or the like.[1] Count One charges that "telecommunications companies, the lessors of real property, financial institutions, equipment leasing companies, creditors, credit reporting agencies, and service providers" were defrauded of money and property. Indictment at 14, ¶ 2. Therefore, Count One of the indictment does not charge defendants with a conspiracy that is invalid under *Cleveland*.

Third, the court rejects Simpson's contention that there has been an impermissible variance or constructive amendment of the indictment. "A variance occurs 'when the proof at trial depicts a scenario that differs materially from the scenario charged in the indictment but does not modify an essential element of the charged offense.'" *United States v. Girod*, 646 F.3d 304, 316 (5th Cir. 2011) (quoting *United States v. Delgado*, 401 F.3d 290, 295 (5th Cir. 2005)). "A constructive amendment occurs when the government changes its theory during trial so as to urge the jury to convict on a basis broader than that charged in the indictment, or when the government is allowed

---

[1]The fact that the government has listed public utility companies in its notice filed under Fed. R. Crim. P. 12.4(a)(2) is irrelevant. This disclosure is made "to assist judges in determining whether they must recuse themselves." Rule 12.4 Advisory Committee's Note to 2002 enactment.

to prove 'an essential element of the crime on an alternative basis permitted by the statute but not charged in the indictment.'" *Id.* (quoting *United States v. Robles–Vertiz*, 155 F.3d 725, 728 (5th Cir. 1998)). Provided the evidence satisfies Fed. R. Evid. 401 and 402 and is offered in admissible form, proof that defendants committed fraud in filings and other communications with public utility commissions may be probative of their commission of the crime charged in Count One, even if the conduct would not of itself constitute the crime of mail or wire fraud or of conspiracy to commit mail or wire fraud. Circumstantial evidence is not rendered inadmissible merely because it does not alone constitute the commission of a criminal offense. Simpson has failed to show that the government is foreclosed under *Cleveland* from relying on such evidence to prove the commission of the crime charged in Count One of the indictment.[2]

Moreover, although the court concludes that neither an impermissible variance nor a constructive amendment of the indictment has as yet occurred, it notes that it can take any necessary steps to ensure that neither hereafter occurs. For example, on request, the court can give appropriate instructions to the jury during the presentation of the evidence and/or in the court's charge to ensure that the jury cannot convict a defendant based on a scenario that differs materially from the scenario charged in the indictment, on a basis broader than that charged in the indictment, or on an alternative basis permitted by the statute but not charged in the indictment. And it can sustain objections if the government appears through its trial presentation to stray from the permissible use of evidence of

---

[2]The court has properly overruled the objections that Simpson has made thus far, in reliance on *Cleveland*, to evidence of allegedly fraudulent conduct involved in filings and other communications with public utility commissions.

alleged fraud involving public utility commission applications.

**SO ORDERED**.

November 2, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE