IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:09-CR-249-D(06) |
| | § | |
| MATTHEW NORMAN SIMPSON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

A jury convicted defendant Matthew Norman Simpson ("Simpson") of the offenses of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349; aiding and abetting the commission of the offense of fraud and related activity in connection with electronic mail, in violation of 18 U.S.C. § 1037(a)(2) and (b)(2)(C); obstruction: destruction of evidence, in violation of 18 U.S.C. § 1512(c)(1); and false registration of a domain name, in violation of 18 U.S.C. § 3559(g)(1).[1] Simpson testified at trial. Because the court finds that Simpson committed perjury during his testimony, the court adds two levels to the advisory guideline offense level for obstruction of justice, and it enters these tentative findings in support of this determination.

I

U.S.S.G. § 3C1.1 provides that the offense level shall be increased two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the . . . prosecution . . . of the instant offense[.]" "Though the court may not

---

[1] The jury found Simpson not guilty of the offense of obstruction: destruction of evidence, in violation of 18 U.S.C. § 1512(k) and 18 U.S.C. § 1512(c)(1), charged in count six of the fourth superseding indictment.

penalize a defendant for denying his guilt as an exercise of his constitutional rights, a sentence may be enhanced if the defendant commits perjury." *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (citing *United States v. Laury*, 985 F.2d 1293, 1308 (5th Cir.1993)). Under the Sentencing Guidelines, the court is required to enhance a sentence upon a proper determination that the accused committed perjury. *United States v. Humphrey*, 7 F.3d 1186, 1191 (5th Cir. 1993) ("If the district court finds that [the defendant] did commit perjury, it must impose a two-level enhancement of his sentence."); *United States v. Butler*, 988 F.2d 537, 544 (5th Cir. 1993).[2]

According to the application notes, this enhancement applies to "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, comment n. 4(b) (Nov. 1, 2011 Manual). Federal law defines perjury as giving false testimony concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1)). Nevertheless, "not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury." *Id.* at 95. Because there are reasons why a defendant may testify falsely without committing perjury, *see* U.S.S.G. § 3C1.1, comment n. 2 (Nov. 1, 2011 Manual), "if a defendant objects to a sentence enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition [the Supreme Court has] set out." *Dunnigan*, 507 U.S. at 95. "[I]t is preferable for a district court

---

[2]The court recognizes that the Guidelines are advisory. But "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," and "the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

to address each element of the alleged perjury in a separate and clear finding." *Id.*; *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (preferred course is to make clear finding on each element of the alleged perjury). "The district court's determination that enhancement is required is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95.

Factual determinations at sentencing are made according to U.S.S.G. § 6A1.3. "[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information had sufficient indicia of reliability to support its probable accuracy." *United States v. Bermea*, 30 F.3d 1539, 1576 (5th Cir. 1994). The preponderance of the evidence standard applies to such determinations. *See United States v. Mergerson*, 995 F.2d 1285, 1291 (5th Cir. 1993) (holding that it is well established in this circuit that as a general matter the burden of proof at sentencing is by a preponderance of the evidence).

II

The court enters these tentative findings in support of its determination that Simpson committed perjury during his trial testimony.

Using a preponderance of the evidence standard, and based upon the evidence adduced at trial, including defendant Simpson's testimony, the court finds that at least the following testimony[3] constituted (1) false testimony by Simpson, (2) given under oath at trial, (3) concerning a material matter, (4) that Simpson did not believe to be true, and (5) that he gave with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. The court

---

[3]This list is only intended to support the court's perjury enhancement and not to be exhaustive.

finds that Simpson gave this testimony willfully to obstruct or impede, or attempt to obstruct or impede, the administration of justice during the prosecution of the instant offense.[4]

The testimony on which the court bases the perjury enhancement is as follows:

(1) that he did not associate with anyone that he knew was sending spam;

(2) that, regarding count four of the fourth superseding indictment, he did not destroy, impair, or alter anything;

(3) that he put down Mary Cargill, Alicia Cargill's mother, on the TxLink application as an employee because she wanted to be an employee, and if the license had been received immediately, she would have been;

(4) that when he told bandwidth.com to shut down Aston Technology because it might be Nigerian scammers, he said that because there was that type of fraud that was very common at the time;

(5) that he stayed with Mike Faulkner because he thought he could change Faulkner's ways and could show him that it is much more profitable to run a business when you pay your vendors, especially in a small, close-knit business like telecom, where everyone pretty much knows everybody;

(6) that he paid the mortgage of Mike Faulkner's wife and the final paychecks of Faulkner's employees because he generally owed Faulkner money and he felt secure that he could make these payments and that he would be paid back;

(7) that he paid the fee for a one day consultation of attorney Gabriel Robles on behalf of Mike Faulkner because Faulkner had no money and Simpson was his friend at the time; and

(8) that he did not knowingly and corruptly destroy or attempt to destroy records, documents, email, or electronic data by removing and making unrecoverable the data from his computer and other data storage devices.

---

[4]On direct examination, Simpson's counsel posed certain questions in which he described a particular charge in the fourth superseding indictment, asked Simpson how he pleaded to the charge, and to which Simpson responded that he pleaded "Not guilty." None of the court's findings is based on an answer by Simpson (even though given under oath) that can be said to reflect Simpson's plea of not guilty to a charge. Out of an abundance of caution—and because there are ample other instances in which Simpson gave perjured testimony—the court is treating this type of testimony as a protected "Not Guilty" plea rather than perjured testimony.

III

Any objections to these tentative findings must be filed in writing no later than the date that objections to the presentence report are due.

**SO ORDERED**.

January 24, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE